**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Courtney Motley,

               Plaintiff,

vs.

State of Nevada,

               Defendant.

Case No.: 2:25-cv-02290-JAD-MDC

**ORDER**

       Pending before the Court is *pro se* plaintiff Courtney Motley's renewed *Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 5). The Court **GRANTS** plaintiff's IFP application and requests that plaintiff clarify whether he is proceeding in this case by filing a civil complaint under 42 U.S.C. § 1983 ("Section 1983") or a habeas petition for the reasons below.

**DISCUSSION**

**I.**       **WHETHER PLAINTIFF CAN PROCEED IFP**

       Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

       Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the

average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

Plaintiff is incarcerated. The Court denied plaintiff's prior IFP application and ordered him to file a new IFP Prisoner Form application or pay the filing fee if he wanted to proceed in this matter. *ECF No. 4*. Plaintiff filed a renewed IFP application and the Nevada Department of Corrections provided his financial certificate and a certified copy of his trust fund account statement. *ECF Nos. 5, 7*. Plaintiff has provided a properly updated financial certificate and trust fund account statement in response to the Court's prior order and now qualifies for IFP status. Based on plaintiff's trust fund account statement, plaintiff's initial filing fee would be $0.02. *See ECF No. 7.*  Since plaintiff's calculated filing fee is less than $10, the Court will waive the initial filing fee at this time. Plaintiff will remain obligated going forward to pay the full filing fee in installments any month that his account exceeds $10. The Court grants plaintiff's IFP application.

## II.   PLAINTIFF'S FILING

### A.   Legal Standard

Upon granting a request to proceed in forma pauperis, the Court must screen a plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). The Court will review the filing to determine whether it is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from

conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of [his] claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se filing, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted)). If the Court dismisses a pleading under § 1915(e), the plaintiff should be given leave to amend with directions as to curing its deficiencies, "unless it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). At issue is whether the complaint states a plausible claim for relief.

**B.    Analysis**

The Court construes plaintiff to be challenging his conviction and current confinement in Nevada state prison. *See generally ECF No. 3*. However, the Court is unclear on if plaintiff is making a civil complaint under Section 1983 or a habeas petition from his filing (ECF No. 3). Plaintiff labels the filing "first Amended Complaint" but uses a habeas petition form to fill out the information regarding his claim. *Id.* The Court cannot properly conduct screening unless plaintiff clarifies how he seeks to proceed in this case. Therefore, the Court orders plaintiff to file a notice indicating whether he wishes to proceed in this case by filing a civil complaint under Section 1983 or a habeas petition by **March 5, 2026**. If plaintiff timely files such a notice, he then has until **April 3, 2026,** to properly file the complaint or habeas petition.

The Court also cautions that plaintiff may be barred from challenging his conviction and current confinement at this time. If plaintiff intends to bring forth a civil complaint challenging his conviction and confinement, the *Heck* doctrine may bar his claim. Prior to initiating a civil action that "necessarily require[s] the plaintiff to prove the unlawfulness of his conviction or confinement," a plaintiff must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus ...." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). If plaintiff brings forth a civil claim challenging his conviction and current confinement, he would necessarily have to prove the unlawfulness of this conviction and current confinement. Plaintiff should thus ensure that if he decides to bring forth a civil suit, that he does not bring forth any claims that could be barred by the *Heck* doctrine.

If plaintiff intends to bring forth a habeas petition challenging his conviction and current confinement, his claim may be barred at this time because he has not exhausted all available state remedies. *See Rose v. Lundy*, 455 U.S. 509 (1982). In plaintiff's filing, it appears that he is currently challenging his conviction and confinement to the Nevada Supreme Court. *ECF No. 3*. Plaintiff's filing also contains a brief made by his defense counsel in the Nevada Supreme Court proceeding. *Id.* at 23-84. A petitioner must give the state courts a fair opportunity to decide on his claims before he presents those claims in a federal habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A claim is unexhausted until the petitioner has given the highest available state court the opportunity to decide the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004). In this case, a resolution to plaintiff's challenge to his conviction and confinement in the Nevada Supreme Court proceeding could render any federal habeas petition moot. Therefore, if plaintiff chooses to bring a habeas petition he must show that he has exhausted all his state remedies and remains under custody.

Furthermore, plaintiff also declared that he was a "[m]ovant" filing a 28 U.S.C. § 2255 motion to vacate, set aside, or correct a sentence on his renewed IFP application. *ECF No. 5* at 1. The Court notes that only federal prisoners can rely on a 28 U.S.C. § 2255 motion to challenge the legality of confinement. *See* 28 U.S.C. § 2255; *see also Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." (citation omitted)). The record reflects that plaintiff is currently held by the state of Nevada in High Desert State Prison. Therefore, the Court cautions plaintiff that he cannot proceed this case by claiming relief under 28 U.S.C. § 2255.

## III.    CONCLUSION

The Court grants plaintiff's IFP application. The Court however requests that plaintiff clarify whether he is filing a civil complaint under Section 1983 or a habeas petition according to the directions in this Order.

//
//
//
//
//
//
//
//
//
//
//

ACCORDINGLY,

**IT IS ORDERED that:**

1.    Plaintiff Courtney Motley's *Application to Proceed In Forma Pauperis* (ECF No. 5) is **GRANTED**.

2.    Plaintiff has until **March 5, 2026** to file a notice with the Court indicating whether he wishes to proceed in this case by filing a civil complaint under Section 1983 or a habeas petition that is in accordance with this Order. If plaintiff timely files such a notice, he then has until **April 3, 2026** to file a clearly identified "civil complaint" or clearly identified "habeas petition."

3.    The Clerk of Court is kindly directed to send to Plaintiff:

   a.  The approved form for filing a Section 1983 complaint and instructions for the same;

   b.  The approved form for filing a habeas petition and instructions for the same;

   c.  A copy of this Order.

3.    Failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

4.    The Clerk of the Court is directed NOT to issue summons. The Court will issue screening order on the complaint or petition after it is filed with this Court.

DATED: February 5, 2026

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

6

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.